**Ex parte KNIGHT RIDDER, INCORPO-RATED, d/b/a The Charlotte Observer and The State Newspaper, The Associated Press, and The South Carolina Press Association, Intervenors.**

**In re AIR CRASH AT CHARLOTTE, NORTH CAROLINA ON JULY 2, 1994.**

**Nos. MDL 1041, 3:95–1041–17.**

United States District Court,
D. South Carolina,
Columbia Division.

Feb. 7, 1997.

James Wilton Orr, Bowers, Orr & Dougall, Columbia, SC, Lawrence Edward Richter, Jr., The Richter Firm, P.A., Mt. Pleasant, SC, William Parham Simpson, Haynsworth, Marion, McKay & Guerard, Columbia, SC, Michael L. Baum, Kananack, Murgatroyd, Baum & Hedlund, Los Angeles, CA, Frank H. Granito, Speiser, Krause, Madole & Nolan, New York, NY, Marc Moller, Kreindler & Kreindler, New York, NY, David E. Rapoport, Rapoport & Kupets Law Offices, Rosemont, IL, for Plaintiffs.

Mark A. Dombroff, Tom Almy, Dombroff and Gilmore, Washington, DC, Edward Wade Mullins, Jr., Nelson, Mullins, Riley & Scarborough, Columbia, SC, Richard B. Watson, Nelson, Mullins, Riley & Scarborough, Charleston, SC, for Defendant USAir.

Patrick E. Bradley, U.S. Dept. of Justice, Torts Branch, Civil Div., Washington, DC, Raymond E. Clark, Asst. U.S. Atty., Columbia, SC, for Defendant U.S.

## ORDER REGARDING SEALED RECORDS

JOSEPH F. ANDERSON, Jr., District Judge.

## PROCEDURAL HISTORY

This matter comes before the court on petition "for Access to Settlement Agreement and Vacation or Modification of Confidentiality Order" filed by Knight Ridder, Incorporated, The Associated Press, and The South Carolina Press Association ("Intervenors"). Intervenors' petition was filed on February 3, 1997 in the present action, which has received considerable media attention since trial commenced on January 21, 1997. A hearing on the Intervenors' motion was held on February 6, 1997, after prior announcement in open court. After careful consideration of the memoranda submitted by the United States, USAir, and the Intervenors, as well as a full opportunity for oral argument by counsel on behalf of all parties, the court announced its ruling orally. That ruling is memorialized below.

Intervenors seek disclosure of the terms of a settlement agreement entered into between the United States and USAir. This settlement agreement was entered into during the pretrial discovery phase of litigation surrounding the crash of USAir flight 1016. The crash occurred on July 2, 1994, in Charlotte, North Carolina.

Both the United States and USAir were named as defendants in this litigation. Prior to trial, the United States admitted that the negligent acts of its air traffic controllers were a proximate cause of the accident. Because of this admission the court granted summary judgment to USAir on cross-claims it had pending against the United States. The court also severed the plaintiffs' claims against the United States from their claims against USAir. The claims against USAir proceeded to trial.

The United States' admission of liability was made in April 1996, in the context of settling the cross-claims of USAir against the United States. The basic agreement to set-

tle the cross-claims for contribution was ultimately memorialized in the settlement agreement now at issue.

Upon learning that the United States was admitting liability and that the defendants had negotiated a settlement agreement between them, the plaintiffs asked the court to review the proposed settlement agreement to ensure that no improper collusion was occurring. The court was told of the terms of the agreement during an *in camera* conference with counsel for USAir and the United States. A full record was made of that proceeding. The court also ordered that a copy of the agreement be made available for its *in camera* review once it was reduced to writing. The final written agreement was not executed or provided until the fall of 1996. Both based on the early oral disclosure and the final written agreement, the court determined that the settlement agreement was not the product of collusion.

The plaintiffs petitioned the court to make the settlement agreement available to the Plaintiffs' Steering Committee ("PSC"). Over USAir's objection, the court ordered that a copy be provided to the PSC, but prohibited the PSC from discussing the contents of the agreement with anyone other than the plaintiffs' counsel. The court also sealed the transcripts of any discussions regarding the substance of the settlement agreement. The settlement agreement itself has never been filed in this case.

The court's order for nondisclosure was meant to apply only to the plaintiffs' attorneys. The court never intended to order the United States or USAir to refrain from discussing or sharing the settlement agreement with outside parties as this issue was never presented to court.

Prior to the trial, USAir filed a motion with the court asking that it be allowed to introduce the admission of liability by the United States at trial. Plaintiffs opposed this motion but asked to introduce the settlement agreement into evidence, at least if the admission was allowed into evidence. Resolution of this issue occupied a great deal of the court's and parties' time prior to the trial of this case. On December 27, 1996, the court entered an order prohibiting the intro-

duction of the settlement agreement into evidence unless the defendant first put the United States' admission of liability into evidence. In short, whether the settlement would be put into evidence fell to USAir's control. This ruling substantially affected the presentation of evidence in this case.

### DISCUSSION

Intervenors advance two arguments. First, they argue that the public has a right to access because the settlement agreement is a "judicial record." Second, the Intervenors argue that they have a right to access because the United States is a party to the settlement agreement, making that document a public record.

 The right to public access to judicial records derives from two independent sources: the common law and the First Amendment. For a document to be considered a judicial record it must play a role in the adjudicative process. *See, e.g., Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249 (4th Cir.1988); *In re: Policy Management Systems Corp.,* No. 94–2341, 1995 WL 541623 (4th Cir. Sept.13, 1995).

 In the present case, the settlement agreement has played an important role. The settlement agreement was a determinative factor in the court's ruling regarding the use, by USAir, of the United States' admission of liability. Beyond that, the plaintiffs sought to introduce this settlement agreement itself into evidence. This court has determined that the settlement agreement and the United States' admission of liability are inextricably linked.

The United States' admission of liability has been the basis of several rulings by the court. In fact, the court granted summary judgment for USAir against the United States based upon the admission of liability. The settlement agreement, along with the United States' admission of liability, also played an integral role in several of the most important pre-trial rulings this court has made. For all of these reasons, the court finds that the Intervenors do have a right to gain access to the settlement agreement en-

tered into by the United States and USAir because it is a document upon which the court has relied in reaching decisions that substantially affected this litigation.

The Intervenors' second argument for acquiring access to the settlement agreement is based on the United States being a party to the agreement. Intervenors argue that settlement agreements entered into by public bodies should be accessible because they are public documents. Intervenors cite a number of cases in which courts have allowed access to documents that would otherwise be obtainable through Freedom of Information requests.

The United States has candidly admitted that but for its understanding of the court's earlier protective order, the settlement agreement would be available under FOIA. While the court finds no fault in the United States' over broad reading of this court's prior order, the court wishes to clarify that no protective order entered regarding the settlement agreement was ever intended to limit the FOIA process.[1] The protective order entered in this case only applied to the plaintiffs' attorneys. No court-ordered restriction has ever been placed upon the United States or USAir's ability to disseminate the settlement agreement to third parties. Nor does a restriction presently exist. Therefore, any FOIA request made upon the United States should be answered as if no protective order has ever been entered restricting the United States' ability to share this information.

That the United States has conceded that the settlement document is available under FOIA, further supports the courts decision not to limit public access to the discussions related to it. The court will therefore, order that the settlement agreement be filed and that the transcripts related to the settlement agreement be unsealed.

In reaching this decision, the court has carefully considered the risk that publicity of the settlement agreement may pose. USAir argues that there is a substantial risk that this jury, or potential jurors for damages

trials that could be held, may be influenced by the disclosure of the settlement terms through the media. On this basis, USAir argues that disclosure, if any, should be delayed until trial and any subsequent damages trials against USAir are completed.

USAir's position ignores two fundamental issues. First, as to the present jury, this court has instructed the jurors to avoid all media reports about this trial. Despite almost daily coverage, none of the jurors have been exposed to media coverage as indicated by this court's polling of the jurors. Second, USAir ignores that the press has already reported the United States' admission of liability and generally the fact of the settlement between the United States and USAir. If the present jurors were exposed to this information, they might well be prejudiced one way or the other. As to future jurors, in the event damages trials are necessary, the court finds that exposure to the agreement poses only minimal chances of prejudicing them. Any prejudice can be addressed at jury selection.

### CONCLUSION

For the above stated reasons, this court orders that the protective order prohibiting the plaintiffs' attorneys from discussing the settlement agreement of USAir and the United States be lifted. The court also orders that all transcripts discussing this settlement agreement be unsealed. The court will file the settlement agreement itself, unsealed, on the date referenced below.

When the court announced its tentative decision, USAir announced its intention to take an emergency appeal and requested that the court stay its decision to preserve the *status quo* during the pendency of the appeal. The court will grant this request and stay the unsealing of the disputed records held by the court until 12:00 noon Friday, February 27, 1997. This should afford sufficient time for USAir to take an emergency appeal.

---

1. The court recognizes that those subject to or believing themselves subject to confidentiality or-

ders are well advised to proceed cautiously.

The court further clarifies that it intended its protective order to apply only to the plaintiffs' attorneys in this case. It has never been the court's intention to shield documents otherwise available to the public under the Freedom of Information Act. The short stay referenced above would, therefore, have no applicability on any FOIA requests.

IT IS SO ORDERED.